## L. B. WALL, Respondent, v. GREAT NORTHERN RAILWAY COMPANY, Appellant.

### (175 N. W. 705.)

In an action for personal injuries, where it appears that the plaintiff had shipped certain stock from Carbury to St. Paul, and was accompanying the same under a shipper's contract, and was injured in the stockyards of the railway company at Devils Lake, while proceeding in the dark upon an unlighted platform or bulkhead used as an instrumentality of the railway company in the handling of stock, it is *held*, upon the record, *viz.*:

**Carriers — injury to shipper in charge of live stock — question of negligence one for jury.**

1. That the question of defendant's negligence and of plaintiff's contributory negligence were fairly questions of fact for the jury.

**Carriers — duty of carrier to exercise reasonable care — one traveling under shipper's license entitled to safe place and safe instrumentalities.**

2. That whether the plaintiff be considered a passenger or a mere licensee under a shipper's contract or drover's pass, it was the duty of the defendant to exercise reasonable care and prudence to provide and keep in a reasonably safe condition instrumentalities provided for use in the transportation and handling of stock.

**Instructions — prejudicial error.**

3. That no prejudicial error was committed in the rulings or instructions of the trial court.

Opinion filed November 8, 1919.

Action for personal injuries, in District Court, Bottineau County, *Burr*, J.

From a judgment in favor of the plaintiff the defendant has appealed. Affirmed.

*Murphy & Toner*, for the appellant.

A person riding on a stock contract assumes such risks and inconveniences as are incident to traveling on a freight train with his stock and such inconveniences and risks as he will encounter with the in-

NOTE.—For authorities discussing the question of duty of carrier to care taker accompanying a shipment of live stock, see notes in 22 L.R.A. 794, and 31 L.R.A. (N.S.) 632.

strumentalities used in that connection. Ry. Co. v. Trayer, 103 N. W. 680.

During the interval of a passenger's absence after the departure from the station and before his return to it for the purpose of taking the same or another train, he is not to be regarded as a passenger. Dodge v. Steamship Co. 148 Mass. 207; Peniston v. Ry. Co. 34 La. Ann. 777; Ry. Co. v. Riley, 39 Ind. 568; Parsons v. R. R. Co. 113 N. Y. 355; Dice v. Transportation Co. 8 Or. 60; State v. Ry. Co. 58 Me. 176; King v. Ry. Co. 107 Ga. 754, 33 S. E. 839; Ry. Co. v. Sattler, 90 N. W. 649; Conroy v. Ry. Co. (Wis.) 38 L.R.A. 419; Finnegan v. Ry. Co. (Minn.) 15 L.R.A. 399; Johnson v. Ry. Co. 125 Mass. 75; Dekay v. Ry. Co. 41 Minn. 178, 4 L.R.A. 632; Frost v. Ry. Co. 10 Allen, 387, 87 Am. Dec. 668; State v. Ry. Co. 58 Me. 176, 4 Am. Rep. 258; Ry. Co. v. Carper, 112 Ind. 26; Johnson v. Ry. Co. 125 Mass. 75; Ry. Co. v. Anderson, 28 Can. S. C. 541, affirming 24 Ont. L. Rep. 672.

"The ordinary precaution required on one approaching a railroad crossing when he has no knowledge of the close proximity of the train is that he look and listen, and make a diligent use of his faculties to inform himself and avoid collision." West v. Ry. Co. 13 N. D. 230; Hope v. Great Northern, 19 N. D. 438.

"Where because of physical infirmities, darkness, snow, fog, the inclemency of the weather, buildings, or other obstructions and hindrances, it is more than usually difficult to see or hear, greater precaution must be taken to avoid injury than would otherwise be necessary." Sherlock v. Soo, 24 N. D. 40; Haugo v. Great Northern, 27 N. D. 368; Gast v. Northern Pacific, 28 N. D. 118; Crowson v. Soo, 36 N. D. 100; Ry. Co. v. Terry, 8 Ohio St. 570, 12 Am. Neg. Cas. 467; Johnson v. Ry. Co. 91 Ky. 651; Ry. Co. v. Bowers, 110 Ala. 328, 11 Am. Neg. Cas. 127; Phillips v. Ry. Co. 111 Mich. 274, 12 Am. Neg. Cas. 99; Ormsbee v. Ry. Co. 14 R. I. 102, 12 Am. Neg. Cas. 579; Pearl v. Ry. Co. 72 Mo. 168; Cogswell v. Ry. Co. 6 Or. 417, 12 Am. Neg. Cas. 515; Tyler v. Sykes, 88 Va. 470, 12 Am. Neg. Cas. 634; Artusy v. Ry. Co. 73 Tex. 191, 12 Am. Neg. Cas. 624; Zimmerman v. Ry. Co. 71 Mo. 476, 12 Am. Neg. Cas. 204.

In this case, the premises, not dangerous in themselves, were in the possession of an independent contractor, and the plaintiff received his injuries, leaving other considerations on one side, because

of the method of prosecuting that work by such contractor, and if there is any liability it rests with such contractor, and not with the defendant. Green v. Soule (Cal.) 17 Am. Neg. Rep. 8; Francis v. Johnson (Iowa) 17 Am. Neg. Rep. 507; Keyes v. Second Baptist Church (Me.) 17 Am. Neg. Rep. 526; Vosbeck v. Kellogg (Minn.) 7 Am. Neg. Rep. 86.

This case falls well within the line where the rule relating to independent contractors applies. Powell v. Construction Co. 13 S. W. 691; Miller v. Ry. Co. 39 N. W. 188; Cunningham v. R. Co. 51 Tex. 503; Ry. Co. v. Grant, 46 Ga. 417; Cary v. Ry. Co. 42 Iowa, 246; Jaslin v. Ice Co. 15 N. W. 887; Ry. Co. v. House, 1 Wyo. 27; Ry. Co. v. Fitzsimmons, 18 Kan. 34; Meyer v. Ry. Co. 2 Neb. 319; Ry. Co. v. Chasten, 88 Ala. 591, 7 So. 94.

"Where an independent contractor is employed to construct a building or to perform any other work, and the employer reserves no control as to the manner of performance, the employer is not liable for the contractor's negligence." Citing 21 Iowa, 575; 23 Iowa, 526; 44 Iowa, 27; 13 Allen, 58; 103 Mass. 194; (Neb.) 28 N. W. 284.

*J. J. Weeks,* for the respondent.

"The plaintiff assumed those risks, and those risks only, reasonably incident to the mode of transportation utilized, but not those risks and dangers produced by unnecessary and unusual occurrences not incident to the proper handling of a freight train." McGregor v. G. N. Ry. Co. 31 N. D. 471; 10 C. J. 636, § 1058.

"The mere fact that a passenger leaves the conveyance during the transit does not in and of itself terminate the relation of the parties, provided he does so for a proper purpose." Fornoff v. Columbia Taxicab Co. 163 S. W. 699; Killmeyer v. Wheeling Traction Co. 77 S. E. 908, 37 Ann. Cas. 1220; 10 C. J. 623, § 1047.

A reckless disregard or indifference to the rights and safety of others is held to preclude the defense of contributory negligence. 29 Cyc. 509; Rawitzer v. St. Paul City R. Co. 100 N. W. 664; Battishill v. Humphreys, 38 N. W. 581.

"If a person, in doing that which it is his right to do in the discharge of his duty, exercised ordinary care and prudence, he is not chargeable with contributory negligence as matter of law, although the result showed that he imperiled his life or personal safety in doing as he did."

29 Cyc. 523, 524; Leary v. Becker, 157 N. W. 359; Liming v. Illinois C. R. Co. 47 N. W. 66.

The question of whether plaintiff's injuries were caused by his own negligence was properly submitted to the jury. Coulter v. Ry. Co. 5 N. D. 568, 67 N. W. 1046, 33 Cyc. 904; Cast v. N. P. R. Co. 28 N. D. 118, 147 N. W. 793.

BRONSON, J. This is an action for personal injuries. The defendant has appealed from a judgment entered upon a verdict of $500 returned for the plaintiff. The facts substantially are as follows:

On October 15, 1918, the plaintiff was injured in the stockyards at Devils Lake, North Dakota, while walking in the dark upon a bulkhead or sort of platform. This bulkhead was constructed for purposes of unloading cattle and live stock. The plaintiff was injured by stepping off the same, occasioning a fractured limb. The plaintiff was accompanying some stock owned and shipped by him upon a shipper's or drover's contract from Carbury to St. Paul. In accordance with the plaintiff's evidence, while he was trying to look after and care for his stock and was seeking to borrow a lantern to find his way, he was so injured. On the other hand, evidence was introduced by the defendants that the stock was being cared for by the railroad; that the plaintiff's presence was unnecessary in such stockyards, and that he was practically a mere volunteer in being at the place where he was injured. There were no lights at this time around or about such platform or bulkhead. The appellant herein principally contends that the evidence does not establish negligence on the part of the defendant, but, on the contrary, the contributory negligence of the plaintiff. That the plaintiff was not a passenger, and at most a mere licensee. The defendant further complains that the trial court erred in granting the motion of the plaintiff to amend the title of the action by adding after the words "the Great Northern Railroad," "W. D. Hines." The record herein has been examined at length, and this court is satisfied that the questions of negligence and contributory negligence were fairly questions of fact for the jury, and that there is no prejudicial error in the rulings or instructions of the court. No prejudicial error was committed by the trial court concerning the motion of the plaintiff. Judgment was rendered only against the defendant. No specific issue is presented to

this court concerning the effect of Federal administration upon the liability of the defendant. In the answer it is admitted that it is a common carrier operating a railroad between the places mentioned in the complaint. It is immaterial whether the plaintiff be considered a passenger or mere licensee at the time he was injured. The plaintiff, in accompanying the stock upon a contract which gave him the privilege of accompanying the stock and riding on the train, presumably had the right to watch and look after this stock, and, while so doing, it was the duty of the defendant to exercise reasonable care and prudence to provide and keep, in a reasonably safe condition, instrumentalities provided for use in the transportation and handling of stock. Atchison, T. & S. F. R. Co. v. Allen (75 Kan. 190) 10 L.R.A.(N.S.) 576, 88 Pac. 966.

The judgment is affirmed, with costs to the respondent.

BIRDZELL, J. I dissent.